IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2020 APR -2  A 11: 37
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| **JULIANNA BARNES and ALEXANDRA COLEMAN, Each Individually and on Behalf of All Others Similarly Situated** | | **PLAINTIFFS** |
| vs. | No. 1:20-cv-230-ECM-SRW | |
| **VANESSA WOODARD** | | **DEFENDANT** |

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Julianna Barnes and Alexandra Coleman (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys Jon Goldfarb of Wiggins Childs Pantazis Fisher & Goldfarb, LLC, and Courtney Lowery and Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Defendant Vanessa Woodard ("Defendant"), they do hereby state and allege as follows:

### I.   INTRODUCTION

1.      Plaintiffs, each individually and on behalf of all other servers employed by Defendant, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, as a result of Defendant's failure to pay Plaintiffs and all others similarly situated minimum wages as required by the FLSA.

2.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the

FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Middle District of Alabama has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts complained of herein were committed and had their principal effect against Plaintiffs within the Southern Division of the Middle District of Alabama. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

5. Plaintiff Julianna Barnes ("Barnes") is an individual and citizen and resident of Coffee County.

6. Plaintiff Alexandra Coleman ("Coleman") is an individual and citizen and resident of Coffee County.

7. Defendant is an individual and resident of Alabama.

8. Defendant owns and operates a restaurant called The Barrel Room.

9. Defendant maintains a website at http://www.barrelroom.co/.

## IV. FACTUAL ALLEGATIONS

10. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Defendant is an owner, principal, officer and/or director of The Barrel Room.

12. Defendant manages and controls the day-to-day operations of The Barrel Room, including but not limited to the decision to not pay Plaintiffs minimum wage.

13. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

14. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

15. Defendant was Plaintiffs' employer and the employer of the proposed collective within the meaning of the FLSA, 29 U.S.C. § 203(d) at all times relevant to this lawsuit.

16. Plaintiffs worked for Defendant during the three years preceding the filing of this Complaint.

17. At all times material hereto, Plaintiffs have been entitled to the rights, protection and benefits provided under the FLSA.

18. Plaintiffs were employed by Defendant as servers at Defendant's restaurant in Enterprise during the time period relevant to this lawsuit.

19. Barnes was employed as a server from December of 2019 to March of 2020.

20. Coleman was employed as a server from December of 2017 to June of 2018 and from October of 2018 to September of 2019.

21. Plaintiffs and other servers worked as hourly, non-exempt employees at The Barrel Room.

22. Defendant pays its servers less than the minimum wage of $7.25 per hour. Instead of paying the required minimum wage, Defendant purports to take advantage of the tip credit allowed by 29 U.S.C. § 203(m).

23. Defendant does not inform its employees of the provisions of 29 U.S.C. § 203(m).

24. Defendant requires her servers to enter into a tip-pooling agreement as a condition of employment. Each server is required to give a percentage of collected tips to management to be redistributed to other employees.

25. Defendant told servers that the collected tips were distributed among kitchen staff and other employees who do not "customarily and regularly receive tips" within the meaning of 29 U.S.C. § 203(m).

26. Some of the employees who were provided with money from the pool were not employees who customarily and regularly receive tips. As a result, Defendant's tip pool did not satisfy the requirements of the FLSA and Defendants are not eligible to take the tip credit.

27. Plaintiffs and other servers performed both duties that generated tips, such as delivering food to customers ("tipped work"), and duties that did not generate tips, such as opening the restaurant, doing dishes and rolling silverware ("non-tipped work").

28. Plaintiffs and other servers were required to work at or around $2.15 per hour when the dining room was closed, when they were doing side work not in the dining room, and also when they were doing cut work.

29. Upon information and belief, Defendant does not distinguish between time spent by servers on tipped work and time spent by servers on non-tipped work.

30. Non-tipped duties occupy more than twenty percent of Plaintiffs' time and the time of other servers.

31. Some of the non-tipped work, such as cleaning, is unrelated to the tipped work.

32. Defendant paid Plaintiffs and other servers the same rate—below the applicable minimum wage—for both tipped work and non-tipped work.

33. As a result of the policies put in place by Defendant, Plaintiffs and other servers were often required to perform non-tipped work for less than minimum wage.

34. Plaintiffs and other tipped servers are entitled to wages and compensation based on the standard minimum wage for all hours worked.

35. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and other tipped servers violated the FLSA and AMWA.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

36. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

37. At all relevant times, Plaintiffs and all others similarly situated have been entitled to the rights, protections and benefits provided by the FLSA.

38. Plaintiffs brings their claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

39.     Plaintiffs brings their FLSA claim on behalf of all servers who were paid tips employed by Defendant at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     A lawful minimum wage for all hours worked;

B.     Liquidated damages; and

C.     Attorney's fees and costs.

40.     In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file her written Consent to Join this lawsuit.

41.     The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

42.     The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.     They were subject to Defendant's policy of paying less than minimum wage;

B.     They had the same or similar job duties; and

C.     Their tipped wages were pooled and distributed, in part, to non-tipped employees.

43.     Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds ten persons.

44.     Defendant can readily identify the members of the Section 16(b) Collective. The names and physical addresses, email addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-

approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

45. At all relevant times, Defendant directly hired members of the FLSA Collective to work in restaurants, paid them wages, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

46. At all relevant times, each member of the FLSA Collective regularly engaged in interstate commerce or handled, sold, or otherwise worked with goods or materials that had been moved in or produced for interstate commerce.

## VI.  FIRST CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

47. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

48. This is a collective action filed on behalf of all tipped servers employed by Defendant to recover monetary damages owed by Defendant to Plaintiffs and members of the putative collective for unpaid wages because they were subject to an invalid tip pool and they were required to spend more than 20% of their time on non-tipped duties.

49. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

50. At all relevant times, Plaintiffs and all similarly situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

51. At all relevant times, Plaintiffs and all similarly situated employees have been "employees" of Defendant, as defined by 29 U.S.C. § 203(e).

52. At all relevant times, Defendant was an "employer" of Plaintiffs and all other similarly situated employees, as defined by 29 U.S.C. § 203(d).

53. Defendant subjected Plaintiffs and similarly situated employees to an invalid tip pool.

54. Defendant failed to pay Plaintiffs and all similarly situated employees the minimum wages required under the FLSA for tipped work and for non-tipped work.

55. Because these employees are similarly situated to Plaintiffs, and are owed compensation for the same reasons, the proposed collective is properly defined as follows:

**All servers within the past three years.**

56. At all relevant times, Defendant willfully failed and refused to compensate Plaintiffs and other similarly situated employees for all hours worked at the standard minimum wage under the FLSA because Defendant subjected Plaintiffs and similarly situated employees to an invalid tip pool, and additionally Defendant paid Plaintiffs and other similarly situated employees around $2.15 per hour for non-tipped work.

57. Defendant's violations entitle Plaintiffs and all other similarly situated employees to compensatory damages calculated as the full amount of wages owed at the applicable minimum wage, less the amount of wages actually received.

58. Defendant's violations entitle Plaintiffs and all other similarly situated employees to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

59. Plaintiffs and all other similarly situated employees are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

### VII.   SECOND CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

60. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

61. At all relevant times, Plaintiffs have been entitled to the rights, protection, and benefits provided by the FLSA.

62. At all relevant times, Plaintiffs have been an "employee" of Defendant as defined by 29 U.S.C. § 203(e).

63. At all relevant times, Defendant was an "employer" of Plaintiffs as defined by 29 U.S.C. § 203(d).

64. Defendant failed to pay Plaintiffs the minimum wages required under the FLSA for tipped work and for non-tipped work.

65. Defendant's violations entitle Plaintiffs to compensatory damages calculated as the full amount of wages owed at the applicable minimum wage and overtime rate, less the amount of wages actually received.

66. Defendant's violations entitle Plaintiffs to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

67. Plaintiffs are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Julianna Barnes and Alexandra Coleman, each individually and on behalf of all others similarly situated, respectfully request this Court grant the following relief:

A. That Defendant be summoned to appear and answer herein;

B. That Defendant be required to account to Plaintiffs, the collective members and the Court for all of the hours worked by Plaintiffs and the collective members and all monies paid to them;

C. A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E. Judgment for damages for all unpaid back wages at the applicable minimum wage owed to Plaintiffs and members of the collective from a period of three (3) years prior to this lawsuit through the date of trial under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

F. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid back wages at the applicable minimum wage from a period of three (3) years prior to this lawsuit through the date of trial owed to Plaintiff and members of the class and collective;

G. An order directing Defendant to pay Plaintiffs and members of the

collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

    H.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**JULIANNA BARNES and ALEXANDRA COLEMAN, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

WIGGINS CHILDS PANTAZIS FISHER & GOLDFARB, LLC
301 19TH STREET NORTH
BIRMINGHAM, ALABAMA 35203
TELEPHONE: (205) 314-0188
FACSIMILE: (205) 254-1500

/s/
Jon C. Goldfarb (asb-5401-f58j)
jcg@wigginschilds.com

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Courtney Lowery
Ark. Bar No. 2019236
courtney@sanfordlawfirm.com
*PHV To Be Filed*

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com
*PHV To Be Filed*