IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

**JULIANNA BARNES and ALEXANDRA COLEMAN, Each Individually and on Behalf of All Others Similarly Situated**

    Plaintiffs,

vs.                                      CASE NO. 1:20-cv-230-ECM-SRW

**VANESSA WOODARD**

    Defendant,

### JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS CASE WITH PREJUDICE

COME NOW Plaintiffs Julianna Barnes, Alexandra Coleman, and Elise Whistler (collectively "Plaintiffs") and Defendant Vanessa Woodard, through their undersigned counsel, and jointly move the Court to: (1) approve the terms of the Settlement Agreement and General Release ("Agreement") they have agreed to following negotiations; (2) dismiss this case with prejudice; and (3) retain jurisdiction to enforce the terms of the Parties' settlement. In support of this motion, the Parties state as follows:

Defendant is a manager of The Barrel Room, a restaurant which is no longer in operation by the company which was Defendant's prior employer during all times pertinent to the facts alleged in this matter. Plaintiffs worked as servers at the Barrel Room within the three years prior to the filing of this case. Plaintiffs filed suit on April 2, 2020, alleging that Defendant acted as their employer by controlling the day-to-day operations of The Barrel Room, including but not limited to the alleged decision not to

Page 1 of 7
Julianna Barnes, et al. v. Vanessa Woodard
U.S.D.C. (M.D. Ala) Case No. 1:20-cv-230-ECM
Joint Motion to Approve Settlement and Dismiss Case with Prejudice

pay Plaintiffs and others similarly situated a lawful minimum wage in violation of the Fair Labor Standards Act ("FLSA") due to an invalid tip pooling arrangement. Defendant denies that she is liable as an employer under the FLSA and denies that any tip pooling agreement was invalid. However, she recognized that litigation would be expensive and time consuming, and she initiated settlement discussions for Plaintiffs' individual claims prior to filing an Answer. To facilitate these discussions, Defendant provided Plaintiffs' counsel copies of Plaintiffs paystubs. After analysis of this data, Plaintiffs and Defendant engaged in arm's length negotiations to reach settlement of Plaintiffs' claims against Defendant. The Parties wish to keep their Agreement confidential and such confidentiality is a material consideration of the Settlement, and therefore submit a copy of their Agreement concurrently herewith via email for *in camera* review.

In the Eleventh Circuit, the compromise of an FLSA claim generally must either be supervised by the Secretary of Labor or approved by the district court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). In order to approve the settlement, a court must determine that the compromise is a fair and reasonable resolution of a bona fide dispute under the FLSA. *Id.* at 1354. If the proposed settlement is a reasonable compromise of contested issues, the court should approve the settlement:

> [W]hen the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Page 2 of 7
Julianna Barnes, et al. v. Vanessa Woodard
U.S.D.C. (M.D. Ala) Case No. 1:20-cv-230-ECM
Joint Motion to Approve Settlement and Dismiss Case with Prejudice

*Id.* Here, the Agreement between the Parties represents a fair and equitable compromise of bona fide wage and hour disputes. As discussed above, the Parties dispute whether any liability exists in the instant action.

The Agreement follows litigation, including the sharing of time and pay records, by experienced counsel representing both Parties. The Parties also engaged in settlement negotiations conducted by opposing counsel at arms' length. The Parties understand that, inherent to litigation, there are uncertainties and risks. The Parties understand the expense associated with further pleadings, a trial, and, potentially, an appeal. The Parties have determined that it is in their mutual interest to resolve the litigation as set forth in the Agreement.

The Agreement provides that Plaintiffs will receive their full calculated unpaid wages, plus an equal amount of liquidated damages, in exchange for a general release of Defendant. Plaintiffs and their counsel have specifically considered the potential value of their claims and have concluded that the proposed settlement provides a fair and reasonable resolution of the claims. Defendant supports this result because it eliminates the uncertainties, risks, and cost of further litigation and appeals, despite Defendant's denial of the claims. The Parties therefore urge this Court to approve their Agreement.

Under the FLSA, an award of reasonable attorneys' fees and costs to prevailing plaintiffs is mandatory. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Courts value the private settlement of attorneys' fees because it prevents unnecessary litigation, and 29 U.S.C. § 216 "does

Page 3 of 7
Julianna Barnes, et al. v. Vanessa Woodard
U.S.D.C. (M.D. Ala) Case No. 1:20-cv-230-ECM
Joint Motion to Approve Settlement and Dismiss Case with Prejudice

not require approval of settled attorney fees." *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019).  Nevertheless, a district court does retain the authority to ensure that the attorneys' fees were "negotiated separately and without regard to the plaintiff's FLSA claim, and there was no conflict of interest between the attorney and his or her client."  *Id.* at 1027 n.1; *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure…that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."). Because the fee was negotiated separately and is above and beyond the possible recovery for Plaintiffs, no conflict exists between Plaintiffs and their counsel, and this resolution sufficiently closes all matters before the Court.

      WHEREFORE, the Parties respectfully request that the Court enter an order, approving the terms of the Agreement, dismissing this action with prejudice, retaining jurisdiction to enforce the Agreement, and granting such further relief as the Court deems just.

Page 4 of 7
Julianna Barnes, et al. v. Vanessa Woodard
U.S.D.C. (M.D. Ala) Case No. 1:20-cv-230-ECM
**Joint Motion to Approve Settlement and Dismiss Case with Prejudice**

Respectfully submitted,

**PLAINTIFFS JULIANNA BARNES, ALEXANDRA COLEMAN, and ELISE WHISTLER**

WIGGINS CHILDS PATAZIS FISHER & GOLDFARB, LLC
301 19TH STREET NORTH
BIRMINGHAM, ALABAMA 35203
TELEPHONE: (205) 314-0500
FACSIMILE: (205) 254-1500

Jon C. Goldfarb
ASB-5401-f58j
jcg@wigginschilds.com

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

*/s/ Courtney Lowery*
Courtney Lowery
Ark. Bar No. 2019236
courtney@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 5 of 7**
**Julianna Barnes, et al. v. Vanessa Woodard**
**U.S.D.C. (M.D. Ala) Case No. 1:20-cv-230-ECM**
**Joint Motion to Approve Settlement and Dismiss Case with Prejudice**

**VANESSA WOODARD, DEFENDANT**

FULMER, MAY & STUCKEY, LLC
300 CAHABA PARK CIRCLE, STE. 100
BIRMINGHAM, AL 35242

*/s/ Jason A. Stuckey*
Jason A. Stuckey
ASB-3315-S82J
stuckey@fmslawfirm.com

**Page 6 of 7**
**Julianna Barnes, et al. v. Vanessa Woodard**
**U.S.D.C. (M.D. Ala) Case No. 1:20-cv-230-ECM**
**Joint Motion to Approve Settlement and Dismiss Case with Prejudice**