IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JULIANNA BARNES, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACT. NO. 1:20-cv-00230-ECM |
| | ) |
| VANESSA WOODARD, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM ORDER and OPINION**

Plaintiffs Julianna Barnes, Alexandra Coleman, and Elise Whistler (collectively "Plaintiffs") bring this private action against Defendant Vanessa Woodard pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. The Defendant was the manager of a now closed restaurant, The Barrel Room, where the Plaintiffs worked as servers for three years prior to the filing of their complaint on April 2, 2020. (Doc. 1). The Plaintiffs allege that the Defendant acted as their employer at The Barrel Room and operated an invalid tip pooling arrangement for at least three years, failing to pay the Plaintiffs a lawful minimum wage in violation of the FLSA. (Doc. 35 at 5–6). They allege that they were paid the same rate for tipped and untipped work, that tips were spread out among all employees, and that they were paid at or around a rate of $2.15 per hour when they were not serving in the dining room. (*Id.* at 4–5). They claim that the Defendant knew, or should have known, of the requirements of the FLSA and instead showed reckless disregard for its requirements. (*Id.* at 5). The Plaintiffs request compensatory damages,

1

liquidated damages, attorney's fees, and court costs. (*Id.* at 6).  The Parties have reached a resolution, and pending before the Court is the Parties' joint motion to approve settlement and dismiss the case with prejudice. (Doc. 29).  The Court reviewed the Parties' settlement agreement *in camera*, and, for the following reasons, the Court will approve the settlement agreement.

Congress enacted the FLSA to protect workers from substandard wages and oppressive working hours. *Lynn's Food Stores v. United States Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982).  To protect employees with unequal bargaining powers, the FLSA's provisions are mandatory and not subject to negotiation. *Id.*  Employees may settle or compromise on their back wage claims in two ways: (1) the Secretary of Labor may supervise the payment of unpaid wages to employees, and (2) employees may sue their employers for back wages under the FLSA. *Id.* at 1353.  "When employees . . . present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.*  A settlement is fair when it is a "reasonable compromise," or a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1354–55.

This case presents a bona fide dispute over FLSA provisions, including the question of liability, the amount of back pay at the applicable minimum wage, and other damages. After hearing from the Parties at a status conference on October 5, 2020, reviewing the proposed settlement agreement and general release, and considering the appropriate compensation for the Plaintiffs, the Court finds that the settlement agreement is a fair and reasonable resolution of the bona fide dispute.

The settlement agreement includes a confidentiality provision between the Parties. (*See* doc. 29 at 2). Upon agreement of the Parties, the Defendant submitted the settlement agreement for *in camera* review. Although most settlements are private contracts, a court approved settlement becomes a part of the judicial record. *Stalnaker v. Novar Corp.*, 293 F.Supp.2d 1260, 1263 (N.D. Ala. 2003). "There is a common-law presumption that judicial records are public documents . . . And the presumption is surely most strong when the 'right' at issue is of a 'private-public character,' as the Supreme Court has described employee rights under the FLSA." *Id.* at 1263–64 (quoting *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 708 (1945)).

> Furthermore, before sealing a document, the district court must identify and articulate "an overriding interest based on findings that [a seal] is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the [sealing] order was properly entered."

*Dees v. Hydradry, Inc.*, 705 F.Supp.2d 1227, 1244–46 (M.D. Fla. 2010) (quoting *Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 510 (1984)). Thus, because the statute was enacted to protect employees, courts typically allow FLSA settlements to be filed under seal in "extraordinary circumstances," *Beard v. Dolgencorp, LLC*, 2013 WL 12253571, at *3 (N.D. Ala. Mar. 29, 2013), such as when the settlement agreement includes trade secrets or the identity of informants, invades the privacy of children, or furthers scandalous or libelous purposes. *Stalnaker*, 263 F.Supp.2d at 1264. "Absent an 'overriding interest' in the preservation of some 'higher value,' the court should not abide the parties' request for a seal." *Dees*, 705 F.Supp.2d at 1246.

Notwithstanding the general presumption against confidentiality, the Court finds that the Parties advanced sufficient justifications for the confidentiality provision. Under the narrow and specific facts of this case, including, but not limited to, the bargained for provisions in the agreement, the dispute regarding liability, the terms of the settlement, and the mutual desire of the Parties, the Court concludes that the confidentiality provision does not thwart Congress's intent or frustrate the purpose or implementation of the FLSA. Therefore, the Court will approve the settlement and allow the settlement agreement to be filed in the record under seal.

## CONCLUSION

For the reasons as stated, and for good cause, it is ORDERED as follows:

(1) The Parties' joint motion to approve settlement and dismiss the case with prejudice (doc. 29) is GRANTED, and

(2) The Parties are DIRECTED to file their settlement agreement under seal by **October 30, 2020**.

A separate final judgment will be entered upon the filing of the Parties' settlement agreement under seal.

DONE this 26th day of October, 2020.

    /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE